# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

_____

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                                    **No. CR 01-1231 BB**

**FERMIN CORRAL MONTENEGRO
and NOEL MONTENEGRO,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Fermin Corral Montenegro's[1] *Motion for Bill of Particulars* [#22], *Motion for Pretrial Determination of Admissibility of Co-Conspirator Statements Pursuant to F.R.E. 801(d)(2)(E)* [#21], and *Motion to Produce Informant* [#20], and the Court having considered the briefs of counsel and being otherwise advised, finds the *Motion for Bill of Particulars* should be Granted in Part; the *Motion for Pretrial Determination of Admissibility of Co-Conspirator Statements* will be Granted and a *James*[2] hearing

---

[1] Co-Defendant Noel Montenegro has filed a notice of joinder in Fermin's motions.

[2] *United States v. James,* 590 F.2d 575 (5th Cir. 1979).

scheduled not less than 48 hours before trial; and the *Motion to Produce Informant* will be Granted if Defendant meets his burden and the name of the confidential informant will be disclosed at the *James* hearing.

## *Discussion*

### Bill of Particulars

The Government acknowledges that "[t]he purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy ...." Gov't Resp. at 1-2 quoting *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988). In Count I, Defendants are charged with a conspiracy to distribute methamphetamine but provided only the bookend dates of the conspiracy. The Court finds the bare allegations of Counts II and III may be overt acts but do not allege a conspiracy or its scope so that Defendants may adequately prepare to defend. *United States v. Barrentine*, 591 F.2d 1069 (5th Cir.) (names of co-conspirators should be disclosed if scheduled to testify), *cert. denied*, 444 U.S. 990 (1979); *United States v. White*, 753 F. Supp. 432 (D. Conn. 1990) (location where principal acts occurred necessary).

### *James* Hearing

Defendants have requested an evidentiary hearing to determine the validity of co-conspirators' statements under FEDERAL RULE OF EVIDENCE 801(d)(2)(E). This will be scheduled at least 48 hours prior to trial.

### Disclosure of Informant

Related to the Bill of Particulars, Defendant requests disclosure and production of the confidential informant. The Government argues Defendants know the identity and location of the confidential informant and even his attorney, Billy Blackburn. If Defendants can show it is reasonably probable the confidential informant was an active participant in the crimes charged, the identify will be required at the *James* hearing. *United States v. Sherman*, 576 F.2d 292 (10th Cir.), *cert. denied*, 439 U.S. 913 (1978); *United States v. Opager*, 589 F.2d 799 (5th Cir. 1979). If either Defendant can arrange an interview with the informant, he is entitled to do so.

### O R D E R

The Government is directed to file a Bill of Particulars listing the overt acts relied on including the date and place of each. A *James* hearing will be scheduled

to deal with co-conspirators' testimony and, if Defendants meet their burden, the disclosure of the confidential informant's identity.

Dated at Albuquerque this 3d day of December, 2001.

                                                  **BRUCE D. BLACK**
                                                  **United States District Judge**

**Counsel for Plaintiff:**

    James R.W. Braun, Assistant U.S. Attorney, Albuquerque, NM

**Counsel for Defendants:**

    *Fermin Corral Montenegro*: Kenneth A. Gleria, Albuquerque, NM; Maximiliano S. Garcia, Glendale, AZ

    *Noel Montenegro*: Joseph W. Gandert, Assistant Federal Public Defender, Albuquerque, NM